1  DANIELLE OCHS-TILLOTSON, SBN 178677
   dot@ogletreedeakins.com
2  JOHN G. LEE, SBN 238899
   john.lee@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300, One Market Plaza
4  San Francisco, California 94105
   Telephone:   415-442-4810
5  Facsimile:   415-442-4870

6  Attorneys for Defendant
   FASTENAL COMPANY
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        FRESNO DIVISION

11

12  DREW GARRETT DENISON,                 Case No. _____

13                                        **DEFENDANT FASTENAL COMPANY'S**
                                          **NOTICE OF REMOVAL TO U.S.**
14                                        **DISTRICT COURT**

15  FASTENAL COMPANY, a Minnesota         (28 U.S.C. 1441(B) – DIVERSITY
    Corporation; FASTENAL COMPANY,        JURISDICTION)
16  USA, a Minnesota Corporation,
    SHATANNA LARSEN, an individual, and   (STANISLAUS COUNTY SUPERIOR
17  DOES 1 thru 50, inclusive             COURT -
                                          CASE NO. **640232**)
18

19

20

21

22

23

24

25

26

27

28

1 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2      PLEASE TAKE NOTICE that Defendant FASTENAL COMPANY hereby removes to this

3 Court the state court action described below.

4      a.      On April 21, 2009, Plaintiff Drew Garrett Denison commenced an action in the

5 Superior Court of the State of California in the County of Stanislaus (the "Complaint"), entitled

6 *Denison v. Fastenal Company, et al.*, Case Number 640232.

7      b.      Defendant was served with a copy of the Summons and Complaint on June 9, 2009,

8 both of which are attached hereto as Exhibit A (the summons erroneously identifies Defendant as

9 "Fastenal Company, USA"). A Notice of Case Management Conference, Civil Case Cover Sheet,

10 and Defendant's Answer to the Complaint are attached as Exhibit B. Exhibit A and B represent all

11 pleadings, processes and orders served on or by Defendant in this action. A Stanislaus County

12 Superior Court Case Index Search is attached as Exhibit C.

13      c.      This action is a civil action of which this Court has original jurisdiction under 28

14 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. This action may be removed

15 to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil

16 action between citizens of different states and the amount in controversy exceeds $75,000.00,

17 exclusive of interest and costs, in that Plaintiff claims a series of damages, including front pay,

18 back pay, general and non-economic damages, and punitive damages that exceed $75,000.00.

19      d.      Complete diversity of citizenship exists because Plaintiff is a citizen of California,

20 Defendant Fastenal Company is, and at the time this complaint was filed was, incorporated under

21 the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.

22 Fastenal is the only Defendant who has been served with a Summons and the Complaint in this

23 action. Defendant Shatanna Larsen, *who has not been served*, is, and the time this action was filed

24 was, a citizen of the State of Washington.

25      e.      The Complaint erroneously names "Fastenal Company, USA, a Minnesota

26 Corporation" as a Defendant. No such company exists and should be disregarded.

27      f.      The acts alleged in the Complaint are alleged to have occurred in the City of

28 Modesto, California in the County of Stanislaus. Accordingly, pursuant to Local Rule 3-120 of the

**DEFENDANT FASTENAL COMPANY'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT**

1   Local Rules of the United States District Court, Eastern District of California, the Fresno Division

2   is the proper Intradistrict venue for this lawsuit.

3        g.      By reason of the foregoing, Defendant respectfully requests that this action be

4   removed to this Court for all purposes, including trial.

5        h.      In the event the Court should be inclined to remand this action, Defendant requests

6   that the Court issue an order to show cause why the case should not be remanded, giving Defendant

7   (as well as Plaintiff) an opportunity to present proper briefing and argument prior to any possible

8   remand.  Because a remand order is not subject to appellate review, such a procedure is

9   appropriate.

10  Dated:  July 8, 2009                    OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.
11

12
                                                /s/ Danielle Ochs-Tillotson
13                                          DANIELLE OCHS-TILLOTSON
                                            Attorneys for Defendant
14                                          FASTENAL COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7495618_1

DEFENDANT FASTENAL COMPANY'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT

Exhibit A

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FASTENAL COMPANY, a Minnesota Corporation; FASTENAL
COMPANY, USA, a Minnesota Corporation, SHATANNA LARSEN, an
individual, and Does 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DREW GARRETT DENISON

|  |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>STANISLAUS COUNTY SUPERIOR COURT<br>801 10th Street<br>P.O. Box 1098<br>Modesto, CA  95353 | CASE NUMBER:<br>*(Número del Caso):*<br>**640232** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Katherine R. Boyd, SBN 143192                              (209) 521-1800       (209) 572-3501
Curtis & Arata, A Professional Corporation
1300 K Street, Second Floor
Modesto, CA  95354

| DATE:<br>*(Fecha)* | **APR 2 1 2009** | Clerk, by<br>*(Secretario)* | **MARIE NORRIS** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
|  | 2. ☐ as the person sued under the fictitious name of *(specify)*: |
|  | 3. ☑ on behalf of *(specify)*: Fastenal Company, USA, a minnesota Corporation |
|  | under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)<br>☐ other *(specify)*: |
|  | 4. ☐ by personal delivery on *(date)*: |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  Katherine R. Boyd, SBN# 143192
   Michelle B. Perez, SBN#230902
2  CURTIS & ARATA
   A Professional Corporation
3  1300 K Street, Second Floor
   Modesto, CA 95354
4  (209) 521-1800

5  Attorneys for Plaintiff,
   DREW DENISON

6

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS

9

10  DREW GARRETT DENISON,              Case No.   **640232**

11                 Plaintiff,          COMPLAINT FOR DAMAGES

12  v.

13
    FASTENAL COMPANY, a Minnesota
14  Corporation; FASTENAL COMPANY,
    USA, a Minnesota Corporation,
15  SHATANNA LARSEN, an individual, and
    DOES 1 through 50, inclusive,
16
                   Defendants.
17  _____/

18  Plaintiff Drew Garrett Denison, individually, complains and alleges as follows:

19                              **PARTIES**

20      1.    At all material times, plaintiff Drew Garrett Denison (hereafter "Plaintiff")

21  was a resident of the State of California. At all material times, Plaintiff worked for

22  Fastenal Company and/or Fastenal Company, USA (hereafter collectively "Fastenal") in

23  Modesto, California.

24      2.    Plaintiff is informed and believes that defendant Fastenal is a Minnesota

25  corporation that maintains and operates a facility in Modesto, Stanislaus County,

26  California. At all material times, defendant Fastenal was doing business in the State of

27  California.

28      3.    At all material times, defendant Shatanna Larsen (hereafter "Larsen") was

                                    1

FILED

09 APR 21  PM 2: 55

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY_____

_____DEPUTY

This case has been assigned to Judge ROGER M. BEAUCHESNE Department 24, for all purposes including trial.

1   a resident of the State of California. From approximately mid-February 2007 until his

2   termination on or about July 23, 2007, defendant Larsen was Plaintiff's supervisor and

3   was acting at least in part within the course and scope of her employment with

4   Fastenal.

5          4.      The true names and capacities of the defendants named herein as Does

6   1 through 50, inclusive, whether individual, corporate, associate or otherwise, are

7   unknown to plaintiff who therefore sues such defendants by fictitious names under

8   California Code of Civil Procedure § 474. Plaintiff is informed and believes that Doe

9   defendants are California residents. Plaintiff will amend this Complaint to show such

10  true names and capacities when they have been determined. Each defendant was an

11  agent of the other defendants and ratified the conduct of the other defendants.

12                          **FACTUAL BACKGROUND**

13         5.      In or about July 5, 2006, Plaintiff began full-time employment at defendant

14  Fastenal's Modesto facility as a purchaser in the support service department.

15  Defendant Larsen became Plaintiff's direct supervisor in or about mid-February 2007.

16         6.      In or about March 2007, Larsen began subjecting Plaintiff to a pattern of

17  offensive and unwanted sexual behavior including, but not limited to:

18         (a)     making sexual advances toward Plaintiff;

19         (b)     repeatedly asking Plaintiff to go out on dates and/or out for drinks;

20         (c)     sending Plaintiff sexually oriented and explicit e-mail messages;

21         (d)     sending sexually oriented, explicit and vulgar text messages and

22  photographs to Plaintiff's personal cellular phone;

23         (e)     wearing tops with low-cut necklines and intentionally bending over in front

24  of Plaintiff to reveal her breasts/cleavage;

25         (f)     wearing low-cut bottoms/pants and intentionally bending over in front of

26  Plaintiff to reveal her thong underwear;

27         (g)     calling him unwanted names such as "sweetie" and "babe,"

28         (h)     repeatedly putting her arm around Plaintiff and bumping into him to touch

1       him; and

2       (i)      calling him during and after work hours on his personal cell phone.

3       7.      Plaintiff objected to defendant Larsen's advances and other unwelcome,

4    harassing behavior, and indicated that they were unwelcome and unprofessional.

5    Plaintiff never encouraged the sexual behavior or indicated in any way that it was

6    welcome.

7       8.      In or about early April, defendant Larsen again invited Plaintiff to go out

8    for drinks with her. Plaintiff declined the invitation, stating that he had prior plans. That

9    evening, Plaintiff was in downtown Modesto in the same general location as defendant

10   Larson and she repeatedly called his cellular phone.

11      9.      Shortly thereafter, in retaliation for Plaintiff's repeated rejection of

12   defendant Larsen's sexual advances and invitations to go out with her, defendant

13   Larsen became extremely critical of Plaintiff's work, switched his work hours to a less

14   favorable schedule which interfered with previously arranged outside work activities

15   and, on or about April 30, 2007, prepared a negative and false performance review that

16   was placed in Plaintiff's personnel file. As a result of defendant Larsen's sexually

17   harassing behavior toward Plaintiff, Plaintiff felt distant from and avoided his coworkers

18   and felt very uncomfortable in the workplace.

19      10.     Defendant Larsen's harassment and retaliatory behavior continued up to

20   the date of Plaintiff's termination. Defendant Larsen terminated Plaintiff's employment

21   on or about July 23, 2007, telling Plaintiff that he was being discharged for messiness,

22   not putting away work orders and the quality of his work.

23      11.     Plaintiff filed timely charges of sex discrimination, retaliation, and failure to

24   prevent discrimination or retaliation with the California Department of Fair Employment

25   and Housing and has received right-to-sue letters. Thus, he has exhausted his

26   administrative remedies.

27   ///

28   ///

**FIRST CAUSE OF ACTION**
**(Sexual Harassment –**
**California Government Code § 12940(j))**

**(Against All Defendants)**

12.     The allegations of paragraphs 1 through 11 are realleged and incorporated herein by reference. This cause of action is pleaded against all defendants.

13.     In perpetrating the above-described action, Defendants, and each of them, and/or their agents and/or employees engaged in a pattern and practice of unlawful sexual harassment in violation of the California Fair Employment and Housing Act, California Government Code section 12940 et seq. Defendants and each of them, and/or their agents and/or employees sexually harassed Plaintiff and/or failed to exercise reasonable care to prevent and promptly correct the sexually harassing and discriminatory behavior.  The harassment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile or abusive work environment. The sexually harassing and retaliatory behavior against Plaintiff continued until Plaintiff was terminated on or about July 23, 2007.

14.     Further, Doe defendants, and each of them, aided and abetted defendants Fastenal and Larsen in engaging in illegal sexual harassment and hostility against Plaintiff.

15.     Defendants' sexually harassing and discriminatory conduct toward Plaintiff culminated in Plaintiff's discriminatory and retaliatory termination on or about July 23, 2007.

16.     As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer losses including wages, salary, and other employment benefits he would have received had Defendants not taken such adverse employment actions against him all to his damage, in an amount according to proof.

17.     As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to

1 his damage in an amount according to proof.

2    18.    Defendants committed the acts alleged herein maliciously, fraudulently,

3 and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an

4 improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's

5 rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an

6 amount according to proof.

7    19.    As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is

8 entitled to reasonable attorney fees and costs of suit as provided by California

9 Government Code § 12965(b).

10  **WHEREFORE,** Plaintiff requests relief as hereinafter provided.

11                                       **SECOND CAUSE OF ACTION**
                          **(Failure to Prevent Discrimination and Harassment –**
12                                **California Government Code § 12940(k))**

13                  **(Against Defendant Fastenal and Does 1 through 10)**

14    20.    The allegations of paragraphs 1 through 11, and 13 through 19, are

15 realleged and incorporated herein by reference. This cause of action is pleaded against

16 defendant Fastenal and Does 1 through 10.

17    21.    Defendant failed to take all reasonable steps to prevent discrimination and

18 harassment against Plaintiff from occurring, and to take immediate and appropriate

19 corrective action to remedy the harassment, in violation of California Government Code

20 section 12940(k).

21    22.    Plaintiff is informed and believes and thereon alleges that defendant

22 Fastenal and Does 1 through 10 were aware of the harassment and of defendant

23 Larsen's propensity to harass male employees. Much of the sexual harassment by

24 defendant Larsen occurred in or near Plaintiff's work station. Furthermore, the

25 harassment was sufficiently severe and pervasive that Defendants either knew or

26 should have known of the sexual harassment perpetrated by defendant Larsen. Despite

27 Defendants' actual and constructive knowledge of the harassment, nothing was done to

28 remedy the harassment and retaliation against Plaintiff, or to prevent such harassment

1   and retaliation.

2      23.    As a proximate result of Defendants' conduct, Plaintiff has suffered and
3   continues to suffer losses including wages, salary, and other employment benefits he
4   would have received had Defendants not taken such adverse employment actions
5   against him.

6      24.    As a proximate result of Defendants' conduct, Plaintiff has suffered and
7   continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to
8   his damage in an amount according to proof.

9      25.    Defendants committed the acts alleged herein maliciously, fraudulently,
10  and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an
11  improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's
12  rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an
13  amount according to proof.

14     26.    As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is
15  entitled to reasonable attorney fees and costs of suit as provided by California
16  Government Code § 12965(b).

17  **WHEREFORE**, Plaintiff requests relief as hereinafter provided.

18                        **THIRD CAUSE OF ACTION**
                **(Retaliation – California Government Code § 12940(h))**
19
                **(Against Defendant Fastenal and Does 1 through 10)**
20
21     27.    The allegations of paragraphs 1 through 11, and 13 through 19, and 21
22  through 26 are realleged and incorporated herein by reference. This cause of action is
    pleaded against defendant Fastenal and Does 1 through 10.
23
24     28.    California Government Code section 12940(h) makes it unlawful for any
25  employer or person to retaliate against an employee who has opposed a discriminatory
    practice, including sexual harassment.
26
27     29.    During his employment with defendant Fastenal, Plaintiff engaged in
28  protected activity by repeatedly refusing and objecting to defendant Larsen's sexual

                                    6

1   advances and other sexually harassing behavior. As a result of Plaintiff's opposition,

2   Plaintiff suffered adverse employment actions described herein, including, but not

3   limited to, being assigned to a less favorable schedule, receiving a negative and false

4   performance review that was placed in Plaintiff's personnel file, and termination of his

5   employment.

6         30.    Defendants have retaliated against Plaintiff in violation of California

7   Government Code § 12940(h), by engaging in a course of retaliatory conduct, including,

8   among other things, the conduct set forth in paragraphs 6 through 10 above, when

9   Plaintiff rejected and opposed the sexual advances of defendant Larsen. This

10  retaliation continued until Plaintiff's termination, carried out by defendant Larsen acting

11  within the course and scope of her employment.

12        31.    As a proximate result of Defendants' conduct, Plaintiff has suffered and

13  continues to suffer losses including wages, salary, and other employment benefits he

14  would have received had Defendants not taken such adverse employment actions

15  against him.

16        32.    As a proximate result of Defendants' conduct, Plaintiff has suffered and

17  continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to

18  his damage in an amount according to proof.

19        33.    Defendants committed the acts alleged herein maliciously, fraudulently,

20  and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an

21  improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's

22  rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an

23  amount according to proof.

24        34.    As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is

25  entitled to reasonable attorney fees and costs of suit as provided by California

26  Government Code § 12965(b).

27  WHEREFORE, Plaintiff requests relief as hereinafter provided.

28  ///

COMPLAINT FOR DAMAGES

### FOURTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

### (Against Defendant Fastenal and Does 1 through 10)

35.    The allegations of paragraphs 1 through 11, and 13 through 19, 21 through 26, and 28 through 34 are realleged and incorporated herein by reference. This cause of action is pleaded against defendant Fastenal and Does 1 through 10.

36.    As alleged herein, Plaintiff is informed and believes and thereon alleges that Defendants terminated Plaintiff's employment because he would not submit to defendant Larsen's unwanted sexual advances and other sexually harassing behavior. Plaintiff's termination constitutes discrimination against Plaintiff on the basis of his sex in violation of the fundamental public policies set forth in the California Constitution Article I, Section 8, the California Fair Employment and Housing Act, Government Code section 12940 et seq. and other statutory provisions.

37.    As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer losses including wages, salary, and other employment benefits he would have received had Defendants not taken such adverse employment actions against him.

38.    As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress, all to his damage in an amount according to proof.

39.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

40.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of the expenses and fees and prays for leave of the court to amend the complaint when the amounts are fully known.

COMPLAINT FOR DAMAGES

1    WHEREFORE, Plaintiff requests relief as hereinafter provided.

2    ### FIFTH CAUSE OF ACTION
     **Violation of California Business & Professions Code §§ 17200 et seq. -**
3    **Restitution for Unfair Business Practice**

4    **(Against Defendant Fastenal and Does 1 through 10)**

5    41.    Plaintiff refers to, and by this reference incorporates herein, each and

6    every allegation contained in Paragraphs 1 through 11, 13 through 19, 21 through 26,

7    28 through 34 and 36 through 40, inclusive, as though fully set forth herein.

8    42.    By this cause of action, plaintiff is seeking to enforce important rights

9    affecting the public interest.

10    43.    Plaintiff suffered injury in fact and has lost money as a result of

11    defendant's unfair competition alleged herein.

12    44.    Defendants did and do commit unlawful business practices in

13    violation of California's Business and Professions Code § 17200 et seq. by

14    discriminating against, harassing and retaliating against Plaintiff from March 2007

15    through July 23, 2007.

16    45.    Defendants by the acts and omissions alleged herein, have committed

17    and are committing unlawful and unfair competition.

18    46.    As a result of defendants' unlawful business practices, plaintiff has

19    suffered harm and is entitled to restitution in an amount according to proof at trial.

20    47.    Pursuant to California Business and Professions Code § 17200 et seq.,

21    Plaintiff seeks an order enjoining the unlawful, deceptive and fraudulent acts described

22    herein, and directing Defendants to make full restitution plus interest.

23    ### PRAYER FOR RELIEF

24    WHEREFORE, plaintiffs request relief as follows:

25    1.    For special and economic damages, including front pay, back pay and other
     monetary relief;

26

27    2.    For general and non-economic damages;

28    3.    For punitive damages according to proof for all Causes of Action;

COMPLAINT FOR DAMAGES

1  4.    For prejudgment interest at the prevailing legal rate;

2  5.    For costs of suit;

3  6.    For reasonable attorney fees;

4  7.    For injunctive relief; and

5  8.    For such other and further relief as the Court may deem proper.

6  Dated: April 20, 2009                     CURTIS & ARATA,
                                            A Professional Corporation
7

8                                           By:
9                                              Katherine R. Boyd, Attorneys for plaintiff
                                               DREW GARRETT DENISON
10

11                              **JURY DEMAND**

12      Plaintiff demands trial by jury in this action.

13
   Dated: April 20, 2009                     CURTIS & ARATA,
14                                          A Professional Corporation

15

16                                          By:
                                               Katherine R. Boyd, Attorneys for plaintiff
17                                             DREW GARRETT DENISON

18

19

20

21

22

23

24

25

26

27

28

                                    10
                          COMPLAINT FOR DAMAGES

Exhibit B

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE)<br>Katherine R. Boyd, SBN 143192<br>Curtis & Arata, A Professional Corporation<br>1300 K Street, Second Floor<br>P.O. Box 3030 (95353)<br>Modesto, CA 95354<br>(209) 521-1800<br>Attorney for: Drew Denison | FOR COURT USE ONLY<br><br>FILED<br><br>09 APR 21 PM 2:55<br><br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br>BY_____<br>_____DEPUTY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
Street Address:    City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354
Civil Clerk's Office:  801 10th Street, 4th Floor, Modesto, CA 95354

Plaintiff/Petitioner:  DREW GARRETT DENISON

Defendant/Respondent: FASTENAL COMPANY, et al

| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER<br>640232 |
|---|---|

1. NOTICE is given that a **Case Management Conference** has been scheduled as follows:

   Date: _9-8-09_    Time: _8:30_ (AM)/PM

   This case is assigned to Judge  **ROGER M. BEAUCHESNE**, Dept: _24_ , for all purposes, including trial.

   *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354
   *Department 21 is located at 2744 2nd Street, Ceres, CA 95307

   **All filings, including cases assigned to Ceres, shall be filed in the Clerk's Office at the City Towers address.**

   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   **You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you. You must also serve a copy of your written response on the plaintiff.**

2. You must file and serve a completed *Case Management Conference Questionnaire* at least fifteen (15) days before the case management conference.

3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4. At the case management conference the court may make pretrial orders, including the following:

   a. An order establishing a discovery schedule.

   b. An order referring the case to arbitration.

   c. An order dismissing fictitious defendants.

   d. An order scheduling exchange of expert witness information.

   e. An order setting subsequent conferences and the trial date.

   f. Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:  APR 21 2009                    Clerk, by _____**MARIE NORRIS**_____ Deputy

| --SANCTIONS--<br>If you do not file the *Case Management Questionnaire* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). |
|---|

CV003                                                                            Rev 05/08
                                                                                 ST-CM110

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Katherine R. Boyd, SBN 143192<br>Curtis & Arata, A Professional Corporation<br>1300 K Street, Second Floor<br>P.O. Box 3030 (95353)<br>Modesto, CA 95354 | |

TELEPHONE NO.: (209) 521-1800    FAX NO.: (209) 572-3501
ATTORNEY FOR (Name): Drew Denison

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS
STREET ADDRESS: 801 10th Street
MAILING ADDRESS: P.O. Box 1098
CITY AND ZIP CODE: Modesto, CA 95353
BRANCH NAME:

CASE NAME: DREW GARRETT DENISON v. FASTENAL COMPANY, et al

```
FILED

09 APR 21   PM 2: 55

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY _____
                        DEPUTY
```

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: | 640232 |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action (specify): 5

5. This case [ ] is  [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 20, 2009

Katherine R. Boyd
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

1  DANIELLE OCHS-TILLOTSON, SBN 178677
   dot@ogletreedeakins.com
2  JOHN G. LEE, SBN 238899
   john.lee@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300, One Market Plaza
4  San Francisco, California 94105
   Telephone:    415-442-4810
5  Facsimile:    415-442-4870

6  Attorneys for Defendant
7  FASTENAL COMPANY

                                    FILED
                              09 JUL -8 AM 11:58
                              CLERK OF THE SUPERIOR COURT
                              JULIE CRAWFORD
                              COUNTY OF STANISLAUS
                              BY _____
                                            DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF STANISLAUS

10

11  DREW GARRETT DENISON,                  Case No. 640232

12            Plaintiff,                   Date Action Filed: April 21, 2009

13     vs.                                 DEFENDANT FASTENAL
                                           COMPANY'S ANSWER TO
14  FASTENAL COMPANY, a Minnesota          UNVERIFIED COMPLAINT
15  Corporation; FASTENAL COMPANY,
    USA, a Minnesota Corporation,
16  SHATANNA LARSEN, an individual, and
    DOES 1 thru 50, inclusive
17

18

19       Defendant Fastenal Company ("FASTENAL") hereby answers the complaint filed by

20  Plaintiff Drew Garrett Denison ("PLAINTIFF") in the above-referenced matter (the "Complaint"),

21  and alleges as follows:

22                         **GENERAL DENIAL**

23       Inasmuch as the Complaint is not verified, under the provisions of California Code of Civil

24  Procedure Section 431.30(d), FASTENAL denies generally each, every, and all of the allegations

25  contained therein, and the whole thereof, including, but not limited to, the allegations that

26  PLAINTIFF is entitled to any of the relief requested, that FASTENAL is guilty of any wrongful

27  conduct, whether alleged or otherwise, and that conduct or omissions of FASTENAL caused any

28  injury or damage to PLAINTIFF in the manner or amount alleged, to be alleged or otherwise.

**AFFIRMATIVE DEFENSES**

Without waiving any foregoing answers and defenses, FASTENAL, as and for its affirmative defenses to the Complaint herein, alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

1.    As a first affirmative defense, FASTENAL asserts that PLAINTIFF'S Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.    As a second affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part because this court lacks subject matter jurisdiction over PLAINTIFF'S claims.

**THIRD AFFIRMATIVE DEFENSE**

3.    As a third affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part because it is preempted by applicable state and federal law.

**FOURTH AFFIRMATIVE DEFENSE**

4.    As a fourth affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part because it is precluded by the exclusive provisions of California's Worker's Compensation Act (Cal. Lab. Code §§ 3602(a), 5300).

**FIFTH AFFIRMATIVE DEFENSE**

5.    As a fifth affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part by any and all applicable statutes of limitation (including without limitation, Cal. Code Civ. Proc. §§ 335.1, Gov. Code §§ 12960(b) and 12965(b), and Bus. & Prof. Code §17208).

**SIXTH AFFIRMATIVE DEFENSE**

6.    As a sixth affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part because he has failed to exhaust his administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     As a seventh affirmative defense, FASTENAL alleges that damage suffered by PLAINTIFF, if any, was directly or proximately caused by acts, omissions, carelessness or negligence of PLAINTIFF or his agents.  PLAINTIFF's recovery, if any, should be diminished to the extent that his alleged damages are attributable to his own acts, omissions, carelessness or negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     As an eighth affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

9.     As a ninth affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

**TENTH AFFIRMATIVE DEFENSE**

10.     As a tenth affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part because PLAINTIFF has failed to, and continues to fail to, act reasonably to mitigate his alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     As an eleventh affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part because FASTENAL'S actions were at all times privileged and/or justified.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth affirmative defense, FASTENAL alleges that PLAINTIFF'S Complaint, and each cause of action therein, is barred in whole or in part by the doctrine of after- acquired evidence.

///

///

///

7492643_1

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2     12.     As a thirteenth affirmative defense, FASTENAL alleges that PLAINTIFF has failed

3     to state a claim for punitive damages as a matter of law.

4

### FOURTEENTH AFFIRMATIVE DEFENSE

5     13.     As a fourteenth affirmative defense, FASTENAL alleges that PLAINTIFF'S

6     Complaint, and each cause of action therein, is barred in whole or in part because PLAINTIFF

7     consented to FASTENAL'S alleged conduct.

8

### FIFTEENTH AFFIRMATIVE DEFENSE

9     14.     As a fifteenth affirmative defense, FASTENAL alleges that PLAINTIFF'S

10    Complaint, and each cause of action therein, is barred in whole or in part by the doctrines of *res*

11    *judicata* and collateral estoppel.

12

### SIXTEENTH AFFIRMATIVE DEFENSE

13    15.     As a sixteenth affirmative defense, FASTENAL alleges that PLAINTIFF'S

14    Complaint, and each cause of action therein, is barred in whole or in part by the doctrine of

15    avoidable consequences.

16

### SEVENTEENTH AFFIRMATIVE DEFENSE

17    16.     FASTENAL presently has insufficient knowledge or information on which to form

18    a belief as to whether it may have additional, as yet unstated, available defenses.  FASTENAL

19    reserves herein the right to assert additional affirmative defenses in the event that discovery

20    indicates that they would be appropriate.

21

### PRAYER FOR RELIEF

22    WHEREFORE, FASTENAL prays as follows:

23    1.     That Plaintiff take nothing by reason of his Complaint and that judgment be

24    rendered in favor of FASTENAL;

25    2.     That FASTENAL be awarded its costs of suit incurred in defense of this action;

26    ///

27    ///

28    ///

7492643_1

DEFENDANT FASTENAL COMPANY'S ANSWER TO UNVERIFIED COMPLAINT

1      3.     That FASTENAL be awarded its attorneys' fees incurred in defense of this action,

2  as provided by law;

3      4.     For such other relief as the Court deems just and proper.

4  Dated: July 8, 2009                OGLETREE, DEAKINS, NASH, SMOAK &

5                                  STEWART, P.C.

6

7                                    DANIELLE OCHS-TILLOTSON

8                                    Attorneys for Defendant
FASTENAL COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7492643_1

**PROOF OF SERVICE**
*Denison vs Fastenal, et al.*
*Case No. 640232*

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, California 94105.

On July 8, 2009 I served a copy of the following document(s):

**Defendant Fastenal Company's Answer To Unverified Complaint**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒     **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**Katherine R. Boyd**
**Michelle B. Perez**
**Curtis & Arata, A Professional Corporation**
**1300 K Street, Second Floor**
**Modesto, CA 95354**

☒     **(State)**     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐     **(Federal)**     I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 8, 2009, at San Francisco, California.

_Kathleen A. Sovyak_
Kathleen A. Sovyak

7494847_1

Exhibit C



# Stanislaus County Superior Court
# Case Index Search

## Case Information

Case Number: 640232
Case Caption: DREW G DENISON VS. FASTENAL COMPANY
Case Type: CIVIL
Date Filed: 2009-04-21
Case Status: OPEN

## Party Information

| | | | |
|---|---|---|---|
| LARSEN, SHATANNA | DEFENDANT | 1223676 | |
| FASTENAL COMPANY | DEFENDANT | 1223675 | |
| DENISON, DREW GARRETT | PLAINTIFF | 772059 | CURTIS - ARATA |

## Cause of Actions

| Date | Primary Cause | Specific Cause |
|---|---|---|
| 2009-04-21 | MISC. COMPLAINT | WT |

## Case Events

| Event Date | Event Type | Event |
|---|---|---|
| 2009-09-08 | Hearing | CASE MANAGEMENT CONFERENCE |
| 2009-04-27 | Status | CASE INTAKE |
| 2009-04-21 | Status | COMPLAINT FILED |
| 2009-04-21 | Report | ASSIGNED JUDGE |
| 2009-04-21 | Report | SUMMONS |

Back to Previous Page    Start new Search